band. They were divorced in Alabama in 1955. In March, 1957 they remarried one another. They were again divorced in Mexico in 1967. On petitioner's application for an order of support pursuant to subdivision (c) of section 466 of the Family Court Act, respondent husband resisted and sought to show the invalidity of their second marriage. He called Mrs. Schlossberg, mother of petitioner's first husband, who testified that her son was still living; when asked where, she appealed to the court not to be required to answer. After colloquy with respondent's counsel, she was not pressed for an answer. In her opinion upholding the validity of the 1957 marriage, the Trial Judge states that the first husband was not produced; that the mother was called by respondent but that she testified only that her son was living and that he had remarried. Respondent husband should have been permitted to inquire fully concerning the validity of the marriage and the present whereabouts of the first husband. While we reverse and remand for a new trial of all issues, it would appear that, on the evidence in this record, the husband is entitled to an offset of $1,250 against any arrears, representing gasoline charges of $750 and department store charges of $500. Pending final determination by the Family Court respondent-appellant shall continue to pay support of $50 per week (the sum this court fixed heretofore on granting a stay pending the appeal). Settle order on notice. Concur — Capozzoli, J. P., Tilzer, Markewich, Nunez and McNally, JJ.

■        In the Matter of HENRY S., a Person Alleged to be a Juvenile Delinquent, Appellant.— Determination of the Family Court entered on May 7, 1968, which found appellant had committed an act which, if committed by an adult, would constitute the crime of selling a dangerous drug, unanimously reversed on the facts and the law and in the exercise of discretion, and a new trial ordered, without costs. In the circumstances of this case, it was an improvident exercise of discretion to refuse a short adjournment. Concur — Capozzoli, J. P., McGivern, Markewich, McNally and Steuer, JJ.

■        MORRIS ALLEN v. ROSE ALLEN.— Motion to dismiss appeal granted, unless the appellant perfects the appeal for the February 1970 Term of this court, with leave to appellant to apply for extension of time to perfect in case the Court of Appeals has not acted in *Gleason* v. *Gleason* (32 A D 2d 402). Concur — Stevens, P. J., Eager, Tilzer, Markewich and McNally, JJ.

■        In the Matter of SAMUEL RESNICOFF, an Attorney.— Motion for reinstatement granted. Concur — Stevens, P. J., Eager, Capozzoli, McGivern and McNally, JJ.

■        In the Matter of CLIFFORD E. CALLWOOD et al., v. HOWARD R. LEARY. — Motion granted, and the stay pursuant to CPLR 5519 (subd. [a], par. 1) is continued. Concur — Stevens, P. J., Eager, Tilzer, Markewich and McNally, JJ.

■        COMMERCIAL BANK OF NORTH AMERICA, Respondent, v. EMPLOYERS INSURANCE OF WAUSAU, Appellant.— Determination of Appellate Term and order of Civil Court entered June 20, 1968, unanimously reversed, on the law, with costs and disbursements in all courts, motion for summary judgment pursuant to CPLR 3213 denied, and the plaintiff is directed to serve a complaint in this action, which shall thereafter proceed in the regular manner. (See *Reilly* v. *Insurance Company of North Amer.*, 32 A D 2d 918.) This litigation is the aftermath of a judgment obtained by a Mr. and Mrs. Jackson against plaintiff for personal injuries received by Mrs. Jackson on plaintiff's premises. Plaintiff, as a defendant in the prior action, cross complained against one Giacomelli, who was performing work on the premises pursuant to a contract with plaintiff. Giacomelli in the prior action was represented by attorneys for defendant herein under a reservation of rights by it because of a policy